IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

R.J. REYNOLDS TOBACCO
COMPANY and PHILIP
MORRIS USA INC.,

     Appellants.

v.

ANDY R. ALLEN SR., as
Personal Representative for the
Estate of PATRICIA L. ALLEN,

     Appellee.

_____/

CASE NO. 1D15-4197

Opinion filed October 18, 2017.

An appeal from the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

Robert B. Parrish, David C. Reeves, and Jeffrey A. Yarbrough of Moseley, Prichard, Parrish, Knight & Jones, Jacksonville, for Appellant R.J. Reynolds Tobacco Company.

Geoffrey J. Michael of Arnold & Porter LLP, Washington D.C., for Appellant Philip Morris USA Inc.

Celene H. Humphries, Steven L. Brannock, Philip J. Padovano, Maegen P. Luka, and Thomas J. Seider of Brannock & Humphries, Tampa; Gregory D. Prysock and Katy M. Massa of Morgan & Morgan, P.A., Jacksonville, for Appellee.

## ORDER DISSOLVING REHEARING EN BANC

The Court by previous order issued June 15, 2017, by majority vote of

judges, granted Appellants' Motion for Rehearing En Banc. Following that order, upon motion by a judge, a majority of judges voted to dissolve the en banc proceeding. Accordingly the en banc proceeding is dissolved, and the case is assigned to the panel for further action.

WOLF, LEWIS, ROBERTS, MAKAR, BILBREY, and WINOKUR, JJ., concur.

OSTERHAUS, WINSOR, and M.K. THOMAS, JJ., dissent.

B.L. THOMAS, C.J., dissents with opinion.

WETHERELL, ROWE, RAY, KELSEY, and JAY, JJ., recused.

2

B.L. THOMAS, C.J., dissenting from the dissolution of rehearing en banc.

I dissent from the Court's decision dissolving its en banc rehearing in this case, after the Court initially granted Appellants' Motion for Rehearing En Banc on June 15, 2017. Nothing short of a grave injustice has been done in this case: a prospective juror, who later served as the jury foreperson, withheld information during voir dire that he had previously likened a party to a slaveholder or a leech, and after voting to return a multi-million dollar verdict against that party, the juror exulted in the verdict, calling the party "Satan." And here, the trial court had not one but two alternate jurors who could have replaced the biased juror.

Trial lawyers practice in extremely difficult circumstances and cannot read minds to discover hidden biases of prospective jurors, who give false answers in voir dire. There was no failure on the part of Appellants to discover this undisclosed bias and animosity.

We held in *Phillip Morris USA, Inc. v. Brown,* 96 So. 3d 468 (Fla. 1st DCA 2012), that a trial judge who compared the company's corporate executive officer to a war criminal mandated removal of the trial judge from the case. But here, we are affirming an unjust verdict tainted by a biased juror. Thus, I dissent from the decision to dissolve our previous conclusion that the court should rehear this case en banc.